# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 7, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MARY E. STEELE, widow of**
**JOHN STEELE (deceased),**
**Claimant Below, Petitioner**

**vs.)    No. 12-0216**  (BOR Appeal No. 2046196)
                         (Claim No. 2009062281)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary E. Steele, widow of John Steele, deceased, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Gary W. Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2012, in which the Board affirmed a July 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 15, 2009, decision, denying Ms. Steele's request for dependent benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Steele had worked as an underground coal miner for approximately eighteen years and had been consistently exposed to the hazards of occupational pneumoconiosis throughout his life culminating in a permanent total disability award on December 24, 1987. On August 12, 2008, Mr. Steele passed away. The death certificate listed the cause of death as cardio respiratory arrest, congestive heart failure, and chronic obstructive pulmonary disease. Although

1

occupational pneumoconiosis was not listed as a cause of death, Ms. Steele filed an application for dependent benefits based on her husband's occupational pneumoconiosis related death.

After a review of Mr. Steele's records, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Steele's death. Based on this finding, on September 15, 2009, the claims administrator denied Ms. Steele's request for dependent benefits under West Virginia Code § 23-4-10(b) (2005). Following the claims administrator's decision, Dr. Scattaregia evaluated Ms. Steele's request, and based on his experience evaluating cases of Federal Black Lung, determined that, although occupational pneumoconiosis was not the sole cause of Mr. Steele's death, it played a material role by accelerating his death and preventing treatment of his other health problems. Ms. Steele's request was then evaluated by Dr. Zaldivar, who found that Mr. Steele's history of coal mine work did not contribute in any way to his death. Dr. Zaldivar found that Mr. Steele's death was due to an acute cardiac event and was not related to his lungs. Dr. Zaldivar also noted that Mr. Steele was a heavy smoker. The Office of Judges then held a hearing in which the Occupational Pneumoconiosis Board testified. The Occupational Pneumoconiosis Board stated that Mr. Steele had died of end stage cardiac disease. While the Board acknowledged the Mr. Steele had occupational pneumoconiosis, it found that occupational pneumoconiosis did not materially contribute to his death. The Occupational Pneumoconiosis Board was also asked to consider the opinion of Dr. Scattaregia but it found that occupational pneumoconiosis did not hasten Mr. Steele's death and did not prevent him from receiving treatment for his other medical problems. On July 28, 2011, the Office of Judges affirmed the claims administrator's decision to deny Ms. Steele's request for dependent benefits. The Board of Review then affirmed the Order of the Office of Judges on January 23, 2012, leading Ms. Steele to appeal.

The Office of Judges concluded that Ms. Steele was not entitled to dependent benefits based on the death of her husband. The Office of Judges determined that occupational pneumoconiosis was not a material contributing factor in Mr. Steele's death. The Office of Judges noted that the Occupational Pneumoconiosis Board had consistently found that occupational pneumoconiosis was not a material contributing factor in Mr. Steele's death. The Occupational Pneumoconiosis Board had made this determination in its initial ruling and repeated that finding in a hearing before the Office of Judges. The Office of Judges also found the report of Dr. Zaldivar to be more reliable than the opinion of Dr. Scattaregia based on Dr. Zaldivar's credentials and the thoroughness of his evaluation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review. Ms. Steele is not entitled to dependent benefits based on the standard set out in *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). Ms. Steele has not demonstrated that occupational pneumoconiosis contributed in any material degree to her husband's death. The medical evidence in the case shows that Mr. Steele died from an acute cardiac event which was not related to his occupational pneumoconiosis. Although Dr. Scattaregia believed that occupational pneumoconiosis hastened Mr. Steele's death, he does not support this opinion by reference to evidence in the record. Dr. Scattaregia's opinion is directly contradicted by the opinion of Dr. Zaldivar and the consistent findings of the Occupational Pneumoconiosis Board.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II